MARIA C. ROBERTS, California State Bar No. 137907          JS-6
maria.roberts@stokesroberts.com
PETER B. MARETZ, California State Bar No. 144826
pmaretz@stokesroberts.com
RONALD R. GIUSSO, California State Bar No. 184483
rgiusso@stokesroberts.com
STOKES ROBERTS & WAGNER, ALC
600 WEST BROADWAY, SUITE 1150
SAN DIEGO, CALIFORNIA 92101
TELEPHONE:     (619) 232-4261
FACSIMILE:     (619) 232-4840

Attorneys for 3M Company, a Delaware Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN DAO, on behalf of herself and all other similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>3M COMPANY, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | CASE NO. CV-08-04554 VBF (AGRx)<br><br>CLASS ACTION<br><br>FINAL JUDGMENT<br>ON CLASS ACTION SETTLEMENT<br><br>Date:   October 30, 2009<br>Time:   3:00 p.m.<br>Dept:   9<br>Judge:  Hon. Valerie Baker Fairbank |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CV-08-04554 VBF (AGRx)

4845-8833-8181.1

1.      The Settlement Class represented herein by Plaintiff is defined as all persons who have been employed in a non-exempt capacity at the 3M Northridge, California facility at any time between June 30, 2004 and May 1, 2009.

2.      This Settlement Agreement is fair, reasonable and adequate and the following factors support final approval: (1) the risks that Defendant would defeat class certification and prevail on its defenses; (2) the $375,000 settlement amount is within the range of reasonableness; (3) the parties engaged in discovery and negotiations before entering into the proposed settlement; (4) class counsel are experienced in wage and hour class actions and have concluded that the settlement is fair and reasonable; (5) class members have reacted favorably to the notice of settlement, with only one putative class member submitting a valid opt-out election.

3.      The Notice to class members was reasonable and adequate.  Out of the 276 notice packets sent to putative class members, only two notice packets were returned to the claims administrator as undelivered and only one putative class member opted out.

4.      The following requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b) are met with respect to the Settlement Class and for settlement purposes only:

- Numerosity - This Settlement Class is composed of 276 employees, all of whom are readily identifiable from 3M's payroll records. Therefore, the numerosity requirement is satisfied.

/ / /
/ / /
/ / /
/ / /

CV-08-04554 VBF (AGRx)

4845-8833-8181.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

• <u>Commonality</u> - The Settlement Class shares sufficient commonality in that each was a non-exempt employee at 3M's Northridge plant during the class period and, according to the terms of the settlement reached, each will receive a proportionate share of the class proceeds based on their number of workweeks during the class period.

• <u>Typicality</u> - Plaintiff Lan Dao is one of the 276 non-exempt employees who worked at 3M's Northridge facility during the class period.

• <u>Adequate Representation</u> - For purposes of the settlement being proposed as reached between the parties, there are no conflicts of interest between the named Plaintiff Lan Dao and the defined class members.  In addition, there are no known conflicts with Plaintiff's counsel. Moreover, Plaintiff's counsel, who has represented numerous class members in numerous Class Actions, has represented that they can and will adequately represent the class.

• <u>Predominance</u> – The class is sufficiently cohesive to warrant adjudication by representation.

• <u>Superiority</u> - A class action is superior to individual lawsuits/settlements, because it allows the class members to pool claims which would be uneconomical to litigate individually. Accordingly, this Class Settlement is consistent with that policy of economy and efficiency.

/ / /

CV-08-04554 VBF (AGRx)

4845-8833-8181.1

5.      The unopposed application of Class Counsel for costs and attorneys' fees award is hereby granted.  Defendant shall pay $125,000 to Class Counsel out of the Settlement Fund as attorney's fees, $8,881.62 for expenses incurred in the litigation, and $4,000 for claims administration.

6.      Defendant shall pay $25,000 out of the Settlement Fund as an incentive award to named Plaintiff, Lan Dao, as is required under the Settlement Agreement.

7.      All Class Members as identified on Exhibit A as attached hereto, excluding the one class member who timely opted out of the settlement, are bound by the instant Final Judgment and Order of Dismissal With Prejudice and by the previously-approved Settlement Agreement.  All said Class members are also bound by the Release of All claims against 3M Company, including:

8.      Plaintiff and Settlement Class Members, and each of them, forever release, discharge, and covenant not to sue 3M for any of the Released Claims, as set forth in the Settlement Agreement, in connection with their employment at 3M, which release shall be understood to include all past and present claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of 3M, or might have affected their decision not to object to this Agreement, all past and present rights, causes of action, damages, judgment executions, liens, attachments, debts, and demands, whether known or unknown and whether foreseen or unforeseen as relating only to the "Released Claims" by Named Plaintiff and Settlement Class Members, including but not limited to those which are alleged or could have been alleged in this Action, including for California Labor Code violations, unfair competition, unfair business practices, restitution or injunctive relief arising out of or related to the "Released Claims" and employment with 3M; for declaratory

1   and/or injunctive relief under Business & Professions Code section 17200 et seq.;

2   for attorneys' fees, costs, consequential damages, disgorgement, punitive damages,

3   connected to their employment and only as to the "Released Claims" with 3M. The

4   Released Claims" do not include separate claims, if any, that might have been

5   brought, or will be brought, with respect to workers' compensation law, or claim for

6   discrimination, personal injury, harassment, fraud, negligence or breach of contract

7   or any other claim unrelated to the "Released Claims."

8

9       9.      The parties are hereby directed to perform the terms of the Settlement

10  Agreement.

11

12      10.     This action is hereby dismissed on the merits with prejudice.  The

13  Court shall retain jurisdiction of this action for the purpose of resolving any disputes

14  that may arise as to the implementation of the monetary relief terms of the

15  Settlement Agreement.

16

17      **IT IS SO ORDERED**

18

19  DATED:_October 30, 2009_____

20  _____

                                                Hon. Valerie Baker Fairbank
21                                              District Court Judge

22

23

24

25

26

27

28